UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Law Offices of Daniel A. Kaplan, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Domi Publications, LLC.,<br><br>　　　　　　　　　　　Defendant. | Case No.:  20-cv-00874-JAH-BGS<br><br>**ORDER DENYING MOTION TO QUASH OUT OF DISTRICT SUBPOENAS AS MOOT**<br><br>*Underlying action pending in the Bankruptcy Court of Nevada*:<br>Case No. 20-10250-btb |

　　　　On May 10, 2020, Aaron D. Sadock, Panakos Law, APC and the Law Offices of Daniel A. Kaplan ("Movants") filed a Motion to Quash Out of District Subpoenas. (*See* ECF No. 1.)  The subpoenas subject to this motion were issued to George Rikos and the Law Offices of George Rikos by Creditors Jane Does 1–22 ("Creditors") in an underlying Bankruptcy action. *Id.*  On June 2, 2020, Movants filed a Notice of Related Case(s). (ECF No. 4.)  Movants indicate that the related case involves George Rikos's and the Law Offices of George Rikos's Motion to Quash Out of District Subpoenas filed on May 8, 2020 ("Rikos Action").  *Id.* at 2; *see also* In re Domi Publications, LLC, 3:20-cv-00871-JAH-BGS.  Movants disclose that the subpoenas subject to this motion to quash are the same subpoenas involved in the Rikos Action. (ECF No. 4 at 2.)  Movants claim

1

that the subpoenas at issue seek to obtain material that are protected by joint defense/common interest privilege, attorney-client privilege, and attorney work product privilege.  (*See* ECF Nos. 1, 4.)

On June 15, 2020, the parties in the Rikos Action filed a Joint Notice of Withdrawal of Subpoenas to George Rikos and Request to Withdraw Associated Motion to Quash.  (*See* Rikos Action, ECF No. 8.)  In this Joint Notice, the parties informed the Court that the Motion to Quash in the Rikos Action is now moot since the Creditors withdrew the subpoenas and jointly request that the motion be withdrawn.  *Id.* at 2.  In response to the subpoenas being withdrawn, the Court granted the parties request to withdraw the motion to quash and closed the case on June 24, 2020.  (*See* Rikos Action, ECF No. 9.)

Federal courts are courts of limited jurisdiction and can only decide cases where there is a case or controversy.  U.S. CONST. art. II, § 2.  "If there is no case or controversy, the case is moot and cannot be decided by a federal court."  *Hardee v. United States,* No. 3:07MC64, 2007 WL 3037308, at *1 (W.D.N.C. 2007).  In *Hardee*, the court held that the action was moot due to lack of case or controversy once the subject of the motion to quash, the summons, had been formally withdrawn.  *Id.*; *see also Pac. Fisheries Inc. v. United States*, 484 F.3d 1103, 1106 (9th Cir. 2007) (holding that the petitions were moot once the summons were withdrawn); *Gillings v. U.S. I.R.S.*, 122 F. App'x 360, 361 (9th Cir. 2005) (affirming district court's judgment dismissing plaintiff's motion to quash and stating that the plaintiff did not have a justiciable claim after the IRS withdrew their summons).

Additionally, *In re AmFin Fin. Corp*. dealt with a party's request to issue a protective order after the debtor withdrew its subpoena.  503 B.R. 1 (Bankr. D.D.C. 2014).  The court held that it cannot exercise its authority once the subpoena was withdrawn, which also terminated its authority to issue a protective order.  *Id.* at *4; *see also Allen v. TV One, LLC*, No. CV DKC 15-1960, 2017 WL 11457227, at *1 (D. Md. Aug. 30, 2017) (denying defendant's motion to quash the subpoena as moot after the

subpoena had been withdrawn). The court did indicate that it "would have authority to issue an order, if warranted, awarding costs or sanctions despite the withdrawal of the subpoena" even though the court did not issue an order on the motion to quash the subpoena or on the protective order. *Id.* at *5.

Here, the subpoenas subject to the Movants' Motion to Quash have been withdrawn by Creditors. (*See* Rikos Action, ECF Nos. 8, 9.) Thus, the Court's ability to exercise its authority in this case (i.e. its ability to quash subpoenas) has been terminated. Accordingly, the Court **DENIES as moot** the Movants' Motion to Quash Out of District Subpoenas. This concludes the matter and the Clerk is instructed to close the case.

**IT IS SO ORDERED.**

Dated: June 26, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge